HERNÁNDEZ MENA, APPELLANT, *v.* THE REGISTRAR OF MAYA-
GÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record An Attachment.

### No. 233.—Decided July 6, 1915.

ADMINISTRATIVE APPEAL—BRIEF.—When facts are recited in the appellant's brief
which do not appear in the documents which the registrar had before him
when he rendered his decision, they will not be considered in deciding the
appeal.

JUDGMENT—MARRIED PERSON—COMMUNITY PROPERTY.—The fact that a judgment
is rendered against a married woman is not sufficient to justify the conclusion
that the debt for which the judgment was rendered was contracted during
her coverture in any case in which she could bind the community property.

RECORD OF LEVY—PROPERTY RECORDED IN NAME OF WIFE—COMMUNITY PROP-
ERTY.—When from the documents presented in the registry for recording a
levy against property belonging to the wife it does not appear that the levy
was made for an obligation contracted by the wife in a case in which she
could legally bind the conjugal partnership, or that, if the debt were con-
tracted prior to the marriage, the levy was ordered because the debtor spouse
did not have sufficient capital to answer therefor, the registrar is justified
in refusing to record the levy on the property which, although recorded in
the name of the wife, belongs to the conjugal partnership.

The facts are stated in the opinion.

The appellant appeared *pro se.*

Mr. Joaquín Servera Silva, the registrar, appeared *pro se.*

MR. JUSTICE ALDREY delivered the opinion of the court.

By virtue of a writ of execution issued in the action for
damages which Agustín Hernández Mena brought in the Mu-
nicipal Court of Mayagüez against Alejandrina Blanco Ra-
mírez, Jaime Zapata and Pedro Arán to satisfy the judgment
entered against the defendants for the sum of $490.87, the
marshal of the said court issued a notice to the Registrar of
Property of Mayagüez for the record of the levy which he
had made on two properties described under the letters A
and B.

The notice was presented in the registry together with a
copy of the writ of execution, a copy of the judgment ren-
dered in the suit and a copy of a judgment in another action

brought by Alejandrina Blanco Ramírez and Francisco Arán Cuascú against Agustín Hernández Mena, Emilio Arán and others, in which it was decreed, among other things, that seven-eighths of a house situated on Oriente Street of Mayagüez belonged to the conjugal partnership composed of Alejandrina Blanco Ramírez and Emilio Arán Cuascú, her husband.

The registrar recorded the levy as to the property described under letter B, but refused to record it as to the property described under letter A, which is the aforesaid joint-ownership of the seven-eighths of the house on Oriente Street, on the ground that as the said property has the character of community property because it was acquired by Alejandrina Blanco Ramírez during her coverture in payment of a credit also acquired during her coverture and because it was so stated expressly in the judgment accompanying the notice, it is observed that the action in which the execution was issued was not against the conjugal partnership owning the community property, but only against Alejandrina Blanco Ramírez, one of the spouses, who is a distinct person from the conjugal partnership of which she is not the legal representative.

From this decision Agustín Hernández Mena took the present administrative appeal and filed a brief in which he recited certain facts under Clauses I, II and III, which do not appear in the documents which the registrar had before him when he rendered his decision and which, therefore, cannot be considered. *Cadilla* v. *Registrar of Property*, 19 P. R. R., 77; *Pomales* v. *Registrar of Property*, 19 P. R. R., 899.

The appellant admits that the joint interest of seven-eighths of the house on which the levy is sought to be recorded is recorded in the name of Alejandrina Blanco Ramírez and belongs to the conjugal partnership composed of herself and her husband, Emilio Arán Cuascú, but contends that it should answer for the debt sought to be recovered from her because

it was incurred during her coverture with the knowledge and consent of her husband and because the judgment against her was rendered during her wedlock.

We shall not consider the first ground because it rests on the facts recited in the first three paragraphs of the appellant's brief which do not appear in the documents presented to the registrar; and, as to the second ground, the fact that the judgment was rendered against Alejandrina Blanco Ramírez during her coverture is not sufficient to justify the conclusion that the debt for which the judgment was rendered was contracted during her coverture in any case in which she could bind the community property.

The action was brought exclusively against the wife, and in view of this fact it cannot be presumed that the court ordered a levy upon the conjugal property.

Section 1323 of the Civil Code provides that the property of the conjugal partnership shall be liable for the debts contracted during the marriage by the husband, and for those contracted by the wife in the cases in which she can legally bind the partnership; and section 1325 provides that debts contracted before marriage may be claimed against the partnership property if the debtor spouse should have no private capital or if it should be insufficient, after covering the expenses mentioned in section 1323.

From the documents presented to the registrar it does not appear that the levy was made for an obligation contracted by the wife in a case in which she could legally bind the conjugal partnership, or that if the debt were contracted prior to the marriage the levy was ordered because the debtor spouse did not have sufficient capital to answer therefor, therefore the registrar acted correctly in these circumstances in refusing to record the levy on property which, although recorded in the name of the wife, belongs to the conjugal partnership.

The case of *Truyol* v. *The Registrar,* 18 P. R. R., 901, which the appellant cites in support of his contention, is not

applicable to the present case because in that case the action was brought against the husband for a debt contracted during wedlock and the. property of the conjugal partnership, according to section 1323, is liable therefor.

The decision appealed from should be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.